FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

JUL 2 5 2003

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 03-0271 LH |
| ) | |
| RAYMOND SANDOVAL, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, RAYMOND SANDOVAL, and the defendant's counsel, Floyd Lopez, Esq.:

### REPRESENTATION BY COUNSEL

1. The defendant understands his right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands his rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses in his defense; and

   d. against compelled self-incrimination.



## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The defendant hereby agrees to waive these rights and to plead guilty to Counts One, Two, Six and Seven of Indictment 03-0271 LH, charging violation of 26 U.S.C. §§ 5822, 5861(f), and 5871, that being Unlawful Manufacturing of a Destructive Device, 26 U.S.C. §§ 5841, 5861(d), and 5871, that being Possession of an Unregistered Firearm, and 18 U.S.C. § 1855, that being Arson on Federal Land; and 18 U.S.C. § 1361, that being Willfully Injuring Property of the United States.

## SENTENCING

4.  The defendant understands that the maximum penalty the Court can impose is:

   a. imprisonment for a period of up to ten years as to Counts One, Two, and Seven, and five years as to Count Six.

   b. a fine not to exceed the greater of $250,000.00 as to each count;

   c. a mandatory term of supervised release of not more than three (3) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00 per count; and

   e. restitution as may be ordered by the Court.

5.  It is expressly understood and agreed by and between the defendant and the United States that:

   a. The United States and the defendant **agree pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P.,** that the sentence of imprisonment shall be **84 months**.

b. The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(b), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

6. The defendant understands his obligation to provide the United States Probation Office with truthful, accurate, and complete information. The defendant hereby represents that he has complied with and will continue to comply with this obligation.

## GOVERNMENT'S AGREEMENT

7. Provided that the defendant fulfills his obligations as set out above, the United States agrees that it will not bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

8. The United States will move to dismiss Counts III, IV, V of this Indictment at sentencing.

9. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

10. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

11. The defendant understands and agrees that if he violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the information to be filed in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

12. At the time of execution of this plea agreement, the defendant will tender to the United States Attorney's Office a money order or certified check payable to the order of the United States District Court, District of New Mexico, Post Office Box 689, Albuquerque, New Mexico 87103, in the amount of $300.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

13. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 25TH day of July, 2003.

DAVID C. IGLESIAS
United States Attorney

_____
J. MILES HANISEE
Assistant United States Attorney
201 Third Street NW, Suite 900
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 224-1450

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
RAYMOND SANDOVAL
Defendant

_____
Floyd Lopez, Esq.
Attorney for Defendant

N:\MHanisee\VC cases\Kodak\ple_1 le le frm

-5-